W. Howard **CLAY**, Administrator de bonis non Estate of Maude S. Buchanan (Will Annexed) and Executor of the Estate of Alvis R. Buchanan, Appellant,

v.

Robert M. **BUCHANAN**, Appellee.

Court of Appeals of Kentucky.

Oct. 6, 1972.

Rehearing Denied Dec. 15, 1972.

Henry J. Burt, Jr., Louisville, for appellant.

Edward T. Ewen, Jr., Louisville, for appellee.

EDWARD P. HILL, Jr., Justice.

On October 16, 1962, Alvis Buchanan was appointed executor of the estate of his wife, Maude Buchanan. Alvis died August 15, 1963, without performing his full duties as such executor. Appellant W. Howard Clay qualified as administrator w/w/a of the estate of Maude and as executor of the estate of Alvis.

This appeal is from an order of the circuit court refusing to allow the entire claim of appellant Clay for fees he claimed in connection with the handling of the two estates. He claimed an amount in excess of $11,000, while the circuit court allowed only about one-half this amount.

Appellant contends that the antenuptial agreement entered into by Maude and Alvis complicated the administration of the two estates causing a delay in settling them. He caused a suit to be filed seeking advice as to the effect of the antenuptial agreement on the wills of Maude and Alvis, but this suit was not filed for nearly two years after his qualification as personal representative of the two estates above noted. The suit accomplished nothing. In fact the chancellor in the instant case concluded that the filing of the suit was "not reasonable or desirable" and that the delay in filing same was "detrimental to the estate."

The appellee, Robert M. Buchanan, was the only child of Alvis by a previous marriage. He was the sole beneficiary under the will of his father. Maude devised her entire estate to Alvis with the provision that if Alvis predeceased Maude, her estate should pass to her stepson, appellee Robert M. Buchanan, with the exception of a $100 bequest to a friend.

It is clear from the record that there were no complications pertaining to the two estates that should have caused a delay in their administration; yet, the appellant, Clay, did practically nothing in the way of filing inventory, preparing tax reports, or making any distribution of the assets for nearly two years, and then only after appellee filed a motion in the county court for a settlement and for the removal of appellant for delay and neglect. The county court entered an order removing him, but his appeal to circuit court stayed the order of removal. The proceeding in circuit court rendered the order of removal a moot question.

The judgment from which this appeal is taken fixed the value of Maude's estate at $15,780.28, out of which the chancellor allowed appellant a fee of $2,026.60. The value of Alvis' estate was found to be $91,069.73 from which the chancellor allowed appellant 4 percent or $3,642.78 with the comment that such an amount was "very liberal," with which we heartily agree. In addition, the chancellor allowed appellant's attorney a fee of $1,500 for filing the declaratory judgment suit concerning the antenuptial agreement and for preparing certain tax reports. The appellant Clay is an attorney.

The judgment is supported by substantial and sufficient evidence. We find no abuse of discretion in any of the five black-let-

tered questions argued in appellant's brief. In fact, we think the allowance of fees and credits to appellant and to his attorney to be "very liberal," to use the language of the chancellor.

The judgment is affirmed.

All concur.